UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
F I L E D
AUG 2 0 2025
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| In re: | ) Chapter 7 |
| Tamara Nachelle Hall, | ) Bankruptcy Case: |
| Debtor | ) |
| Tamara Nachelle Hall, | ) Honorable: |
| Plaintiff | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) |
| Defendant | ) |

### Complaint to Determine Dischargeability of Student Loan

1. I, Tamara Nachelle Hall, bring this action, pro se, for the discharge of my federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. $523(a)(8).

2. I filed a Chapter 7 Bankruptcy. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding. I consent to the entry of final orders of judgment by the Bankruptcy Court in this matter.

3. These student loans, in their original amounts of $2625, $47489, $2033, and $24513, were incurred to pay tuition at Houston Community College to obtain a degree in Applied Science, Lamar University to obtain a degree in Business Management, University of Houston - Downtown to obtain a degree in Computer Engineering, Texas Southern University to obtain a degree in Computer Engineering, Colorado Technical University - On Line to obtain a degree in Computer Engineering, University of Houston to obtain a degree in Computer Engineering, and Colorado State University-Pueblo to obtain a degree in Compuer Engineering. I did not complete the degree in Applied Science at Houston Community College.  I withdrew from the Applied Science program at Houston Community College. I did not complete the degree in Business Management at Lamar University.  I withdrew from the

Business Management program at Lamar University. I did not complete the degree in Computer Engineering at University of Houston - Downtown. I withdrew from the Computer Engineering program at University of Houston - Downtown. I did not complete the degree in Computer Engineering at Texas Southern University. I withdrew from the Computer Engineering program at Texas Southern University. I did not complete the degree in Computer Engineering at Colorado Technical University - On Line. I withdrew from the Computer Engineering program at Colorado Technical University - On Line. I did not complete the degree in Computer Engineering at University of Houston. I withdrew from the Computer Engineering program at University of Houston. I did not complete the degree in Compuer Engineering at Colorado State University-Pueblo. I withdrew from the Compuer Engineering program at Colorado State University-Pueblo.

4. My income is insufficient to meet my basic living expenses and pay back my student loan debt, as shown on Schedules I and J filed in this case.

5. **Future Inability to Repay Student Loans:**

   The court should presume that I will remain unable to repay my student loan debt in accordance with the presumption of hardship criteria outlined on page 9, section B of the "Departmental Guidance Regarding Student Loan Bankruptcy Litigation." This presumption is based on my experience of the hardships listed below.

   I. I have failed to obtain a degree for which the loan(s) were procured (Student Loan Discharge Guidance IV.B.4)

6. I have demonstrated good faith with regard to repayment of my student loan debt.

   I. The loan identified as "DIRECT STAFFORD SUBSIDIZED - Lamar University - *****9945S23G03581001" was in forbearance for 14 months.

   The loan identified as "DIRECT CONSOLIDATED UNSUBSIDIZED - SCHOOL CODE FOR CONSOLIDATION LOANS - *****9945U20G77778102" was in forbearance for 49 months.

   The loan identified as "DIRECT STAFFORD UNSUBSIDIZED - Lamar University - *****9945U23G03581001" was in forbearance for 14 months.

   The loan identified as "DIRECT CONSOLIDATED SUBSIDIZED - SCHOOL CODE FOR CONSOLIDATION LOANS - *****9945S20G77778102" was in forbearance for 49 months.

   II. I have been on a student loan repayment program.

III. I have made good faith efforts to obtain and maintain employment in addition to maximizing income and minimizing expenses in order to pay as much as possible toward my student loan debt.

7. Some of the unsecured debts I owe and listed in Schedule E/F are student loans owing to Defendant, the Department of Education. With accumulated interest, Defendant claims that the amount that was owed on the student loans when this case was filed was $78460.28.

8. The Defendant, the Department of Education, is responsible for the overall operation of the guaranteed federal student loan program.

WHEREFORE, I, the Debtor, request that this Court enter an Order declaring my student loan debt to be dischargeable in this case.

Date: _____

Respectfully filed,

_____

Tamara Nachelle Hall

Pro Se Plaintiff

10373 North Sam Houston Parkway East Apt 111, Humble, TX 77396

tamara.hall20@yahoo.com

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>TAMARA NACHELLE HALL | **DEFENDANTS**<br>Department of Education |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF STUDENT LOAN UNDER THE 'UNDUE HARDSHIP' PROVISION SET OUT IN 11 U.S.C. § 523(A)(8)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan  [1]
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>TAMARA NACHELLE HALL || BANKRUPTCY CASE NO. |||
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF TEXAS || DIVISION OFFICE<br>GALVESTON || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* |||||
| DATE<br>08/19/2025 |||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Tamara Hall ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.